IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 10-cr-00396-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELECIO GONZALES,

    Defendant.

_____

### ORDER OVERRULING DEFENDANT'S OBJECTION TO THIS COURT'S SEPTEMBER 24, 2010 ORDER AND DENYING REQUEST FOR RECONSIDERATION
_____

This matter is before the Court on Defendant Melecio Gonzales's Objection to This Court's Order and Request for Reconsideration (Doc. # 27). The at-issue Objection and Request concerns subpoenas *duces tecum* that were authorized by the Court on September 3, 2010, (Doc. ## 16, 17) and issued to the Greeley Police Department, pursuant to Defendant's *Ex Parte* Applications (Doc. ## 12, 13).[1]

On September 23, 2010, the Government filed an Emergency Motion for Immediate Stay of Defendant's *Ex Parte* Subpoenas Duces Tecum (Doc. # 22). In support of the Emergency Motion, the Government asserted that Defendant's attempt to obtain subpoenas *ex parte* "is of grave concern" because "the subpoenas subvert the discovery mechanisms defined by Fed. R. Crim. P. 16, case law from the Supreme Court and the Tenth Circuit, and the Discovery Memorandum and Order in this case."

---

[1] The Objection and Request does not concern a subpoena *in forma pauperis* that the Court authorized on September 10, 2010. (Doc. # 20.)

(*Id.*, ¶ 3.)  The Government also asserts that "*ex parte* requests for the production of documents from *any* entity for a date before trial or a scheduled hearing are improper under Fed. R. Crim. P. 17(c)."  (*Id.*)  Finally, the Government requested leave to file a Motion to Quash within seven days.  (*Id.*, ¶ 5.)

On September 24, 2010, the Court granted the Government's Emergency Motion in order to maintain the status quo and ordered the Clerk of Court not to disseminate any documents already returned in response to the *ex parte subpoenas duces tecum*.  (Doc. # 23.)  The Court also granted the Government leave to file a Motion to Quash.  (*Id.*)

Defendant filed his Objection and Request for Reconsideration on September 24, 2010.  (Doc. # 27.)  In pertinent part, Defendant asserts that the Government's Emergency Motion was without merit because the at-issue subpoenas "were issued to witnesses who possessed documents of **potential** evidentiary value" and "the practice [of issuing such subpoenas] is a long-standing, common practice of federal criminal procedure[.]"  (*Id.* at 3) (emphasis added).  Defendant also asserts that the Government has not addressed its standing to request that the subpoenas, which were not issued to the Government, be quashed.  (*Id.*)  Finally, Defendant contends that, pursuant to the Fifth and Sixth Amendment, his investigation should not, and cannot, be limited to government-provided documents and that the Court's entry of a stay has "seriously prejudiced" him.  (*Id.* at 4).

Upon further review of Defendant's *Ex Parte* Applications for Issuance of Subpoenas *Duces Tecum* (Doc. ## 12, 13) and an *Ex Parte* Motion for Issuance of a Subpoena *in Forma Pauperis* (Doc. # 14), Defendant's Objection to this Court's

September 24, 2010 Order, and the Government's Emergency Motion for Immediate Stay, the Court finds all pleadings deficient in many respects.

First, with respect to Defendant's *Ex Parte* Applications and *Ex Parte* Motion, Defendant has failed to address why the *ex parte* filing mechanism is necessary and appropriate. On its face, Fed. R. Crim. P. 17(b) and (c) does not explicitly provide for *ex parte* filings. *See United States v. Hart*, 826 F. Supp. 380, 381-82 (D. Colo. 1993). Moreover, although Defendant has acknowledged in his Objection the principles set forth in *United States v. Nixon*, 418 U.S. 683 (1974), Defendant failed to address why the requested documents justify pretrial production. As clearly stated by the *Nixon* court,

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

418 U.S. at 699-700; *see also United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006). In sum, a movant must establish (1) relevancy; (2) admissibility; and (3) specificity of the requested documents. *Id.* at 700.

With these factors in mind, the Court finds Defendant's *Ex Parte Parte* Applications for Issuance of Subpoena *Duces Tecum* (Doc. ## 12, 13), wholly deficient. In his Objection, Defendant simply states that these documents have **potential** evidentiary value, which suggests a fishing expedition. Further, in both Applications, Defendant simply asserted that he "needs these records to prepare for trial."

Accordingly, Defendant is directed to address these factors in further briefing, *e.g.*, in response to the Government's Motion to Quash.

Second, with respect to the Government's Emergency Motion for Immediate Stay, the Government, as Defendant duly noted, has failed to assert its standing for its intended Motion to Quash. "A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests. The government will often lack standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest in the subpoenaed material, or some other interest in the subpoenaed material." *United States v. Daniels*, 95 F. Supp. 2d 1160, 1164 (D. Kan. 2000) (internal citations and quotations omitted).

In the instant case, beyond stating that "the subpoenas subvert the discovery mechanisms defined by Fed. R. Crim. P. 16, case law from the Supreme Court and the Tenth Circuit, and [this action's] Discovery Memorandum and Order," the Government fails to show "that the subpoenas are unreasonable or oppressive, **as applied to the [G]overnment**." *Daniels*, 95 F. Supp. 2d at 1164 (emphasis added). The Government is directed to address this issue in its intended Motion to Quash. The Government is further directed to address the propriety of these subpoenas *duces tecum*, even if they were not obtained by *ex parte* motions.

Accordingly, based on the foregoing, IT IS ORDERED THAT:

(1) Defendant's Objection to this Court's Order and Request for Reconsideration (Doc. # 27) is OVERRULED, to the extent that Defendant has asserted objections to the Court's September 24, 2010 entry of a stay

in connection with the at-issue subpoenas *duces tecum*, and DENIED, to the extent that Defendant asks the Court to reconsider its September 24, 2010 entry of a stay;

(2) Defendant's and the Government's further briefing on the at-issue subpoenas *duces tecum*, including the Government's intended Motion to Quash shall address the above-issues raised by this Court; and

(3) Pursuant to the Court's September 24, 2010 Order (Doc. #23), the Government shall file its Motion to Quash <u>no later than Friday, October 1, 2010</u>. Defendant shall file its response <u>no later than Wednesday, October 6, 2010</u>. The Government shall file any reply <u>no later than Friday, October 8, 2010</u>.

(4) This Court's September 24, 2010 Order shall remain in effect until further order of this Court.

DATED: September <u> 28 </u>, 2010

                                              BY THE COURT:

                                              _____
                                              CHRISTINE M. ARGUELLO
                                              United States District Judge