IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 10-cr-00396-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELECIO GONZALES,

    Defendant.

_____

**ORDER DENYING GOVERNMENT'S MOTION TO QUASH DEFENDANT'S *EX PARTE* SUBPOENAS *DUCES TECUM* AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO SEAL**
_____

This matter is before the Court on the Government's Motion to Quash Defendant Melecio Gonzales's *Ex Parte* Subpoenas *Duces Tecum*. (Doc. #32.) For the reasons discussed below, the Motion to Quash is DENIED due to the Government's lack of standing. Defendant's Motions to Seal (Doc. ## 38 and 43) are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

On October 1, 2010, the Government filed the instant Motion to Quash, which concerns subpoenas *duces tecum* that were authorized by the Court on September 3, 2010, (Doc. ##16, 17) and issued to the Greeley Police Department, pursuant to Defendant's *Ex Parte* Applications (Doc. ##12, 13). The first subpoena ordered the production of Defendant's complete non-redacted gang unit file. In part, the second

subpoena ordered the production of 911 calls regarding a vandalism incident that occurred on the evening of July 2, 2010, at a residence in Greeley, Colorado; police reports concerning the incident; and a complete, non-redacted copy of the "Incident History Detail" regarding a certain weapons violation committed by Defendant.

In support of its Motion to Quash, the Government asserts that Defendant is improperly using Fed. R. Crim. P. 17(c) as a discovery device, his requests do not meet the requirements of Rule 17(c), and Rule 17(c) may not be used to obtain documents in advance of trial or hearing on an *ex parte* basis.

Defendant responded on October 6, 2010.  (Doc. ## 36, 39.)  Defendant asserts that his requests satisfy Rule 17(c) and contends that the Government, as a third-party to the at-issue subpoenas, lacks standing to file the instant Motion to Quash.

The Government replied on October 8, 2010.  (Doc. # 44.)  In pertinent part, the Government asserts that any requests by Defendant for additional information by law enforcement agencies should be made to the Government, concedes that the requirements for the issuance of subpoenas under Rule 17(c) should be relaxed on a case-by-case basis, and states that all parties should be given access to materials that are returned in response to a Rule 17(c) subpoena.  (*Id.* at 3-5.)

Shortly before the Government filed its Motion to Quash, the City of Greeley filed a Motion for In Camera Review and Protective Order, on September 24, 2010, in connection with the at-issue subpoenas *duces tecum*.  (Doc. # 28.)  Due to the sensitive nature of the requested material, the City asked the Court to conduct an *in camera*

review and release only those records that are found to be relevant to the instant case. In the event that the Court ordered the release of all or a portion of the requested records, the City of Greeley asked the Court to issue a contemporaneous protective order.  (*Id.* at 5.)

On November 4, 2010, the Court entered an order granting in part the City of Greeley's Motion to the extent that the Court will conduct an *in camera* review of the subpoenaed documents.  (Doc. # 47.)

## II.  ANALYSIS

### A.  GOVERNMENT'S MOTION TO QUASH

At the outset, the Court will address whether the Government has standing to file the at-issue Motion to Quash.  For the reasons discussed below, the Court finds that the Government does not.

As the Court noted in an Order it issued on September 28, 2010, "A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.  The government will often lack standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest in the subpoenaed material, or some other interest in the subpoenaed material." (Doc. # 30 at 4) (Quoting *United States v. Daniels*, 95 F. Supp. 2d 1160, 1164 (D. Kan. 2000) (internal citations and quotations omitted).)

The Government contends that it has standing to oppose subpoenas that seek material from a local law enforcement agency (*i.e.*, the City of Greeley's Police

Department), which it contends is a member of the prosecution team.  In particular, the Government asserts that because the Greeley Police Department investigated this case on the Government's behalf, and because a Greeley police officer also serves as an ATF Task Force Officer, the Government can step into the Greeley Police Department's shoes to block the subpoena.  In support, the Government cites to *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  (Doc. # 44 at 6.)  However, this case, which discusses the **Government's** duty to disclose known, favorable evidence to the defendant, does not stand for the asserted proposition that the Government can step into the shoes of a third party to block a subpoena.

The Government also cites to several cases in which prosecutors obtained quashal of subpoenas.  (*See* Doc. # 32 at 7) (citing, for example, *United States v. Medley*, 130 Fed. Appx. 248, 249-50 (10th Cir. April 21, 2005) (unpublished); *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992); *United States v. Fowler*, 932 F.2d 306, 312 (4th Cir. 1991); *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980); *United States v. Murray*, 297 F.2d 812, 822 (2d Cir. 1962)).  However, each of these cases is also inapposite; the government's standing to seek quashal was not at issue because the subpoenas sought documents from <u>federal</u> agencies that possessed information directly related to the federal government's investigation.

In the instant case, the at-issue subpoenas are being sought from a city police department; the City of Greeley has represented that it is "not a party to this action" and it "is unfamiliar with the [Government's] case against the Defendant."  (Doc. # 28 at 2.)

Based on the foregoing, the Court finds that the Government has failed to show, and cannot show, "that the subpoenas are unreasonable or oppressive, **as applied to the [G]overnment**." *Daniels*, 95 F. Supp. 2d at 1164 (emphasis added). For this reason, the Government's Motion to Quash is denied.

Because the Court finds that the Government does not have standing to move to quash the at-issue subpoenas, the Court has a duty to make sure that Defendant meets the requirements to obtain *ex parte* subpoenas *duces tecum*. The Court will fulfill this duty when it conducts an *in camera* review of the City of Greeley's documents and it decides whether to lift the current stay in connection with the at-issue subpoenas.

As the parties readily acknowledge, no controlling authority exists as to the propriety of *ex parte* applications for subpoenas *duces tecum*, pursuant to Fed. R. Crim. P. 17(c). While one jurist in this District concluded that Fed. R. Crim. P. 17(c) "negates any assumption that production should be on an ex parte basis," sister courts in this Circuit have either reached the opposite conclusion or have not foreclosed the possibility. *Compare United States v. Hart*, 826 F. Supp. 380, 381-82 (D. Colo. 1993) *with United States v. Fox*, 275 F. Supp. 2d 1006, 1012 (D. Neb. 2003) (acknowledging permissibility of *ex parte* applications under Rule 17(c) on rare occasions where a good trial-related reason exists and noting importance of open disclosure to adversary); *United States v. Daniels*, 95 F. Supp. 2d 1160, 1162-63 (D. Kan. 2000) (noting propriety of *ex parte* applications where the integrity of the evidence might otherwise be imperiled or to protect the defendant's trial strategy).

As the Court noted in its September 28, 2010 Order, in order to justify pretrial production,

> the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

(Doc. # 30 at 3) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)). A movant must establish (1) relevancy; (2) admissibility; and (3) specificity of the requested documents. *Id.* at 700.

In the instant case, while Defendant's *Ex Parte* Applications for Issuance of Subpoena *Duces Tecum* (Doc. ## 12, 13) were wholly deficient, the Court finds that Defendant has established in subsequent briefing the need for the requested documents. Upon completion of the *in camera* review of the City of Greeley's documents, the Court will determine whether the requirements set forth in Rule 17(c) and *Nixon* and its progeny are met. If the Court finds in the affirmative, it will make the relevant documents available to all parties for review, with certain limitations to protect the City of Greeley's privacy concerns.

**B.    DEFENDANTS' MOTIONS TO SEAL**

Defendant seeks leave of the Court to file certain documents under seal. In connection with his first Motion to Seal (Doc. # 38), Defendant asks the Court to seal his "Non-Redacted Response to the United States' Motion to Quash Defendant's Ex Parte

Subpoena Duces Tecum" (Doc. # 36) and the Sealed Brief in Support of his Motion to Seal his Non-Redacted Response (Doc. # 37).  In connection with his second Motion to Seal (Doc. # 43), Defendant asks the Court to seal his Response to the City of Greeley's Motion for In Camera Review and Protective Order (Doc. # 41) and the Sealed Brief in Support of His Motion to Seal his Response to the City of Greeley's Motion (Doc. # 42).

When reviewing motions to seal, the Court must weigh the public interest in open proceedings against potential injury to parties that could result in the disclosure of confidential information.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978).  A party seeking to file under seal bears the burden of overcoming the presumption of public access to judicial records; the party must show that some significant interest outweighs the presumption.  *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

This Court has reviewed Defendant's substantive briefs and the briefs in support of the motions to seal and finds that Defendant has met his burden in overcoming the presumption of public access in connection with his substantive briefs (Doc. ## 36, 41), but not in connection with the briefs in support of the Motions to Seal (Doc. ## 37, 42). Where Defendant's substantive briefs discuss details of his defense strategy, the briefs in support of the Motions to Seal do not.  Therefore, the Court will grant Defendant's Motions to Seal to the extent he seeks non-public disclosure of his "Non-Redacted Response to the United States' Motion to Quash Defendant's Ex Parte Subpoena

Duces Tecum" (Doc. # 36) and his Response to the City of Greeley's Motion for In Camera Review and Protective Order (Doc. # 41).  However, the Court will deny Defendant's Motions to Seal to the extent he seeks non-public disclosure of his Sealed Briefs in Support of his Motions to Seal his Non-Redacted Response and his Response to the City of Greeley's Motion (Doc. ## 37 and 42, respectively).

### III.  CONCLUSION

Accordingly, IT IS ORDERED THAT the United States' Motion to Quash Defendant's *Ex Parte* Subpoenas *Duces Tecum* (Doc. #32) is DENIED.

IT IS FURTHER ORDERED THAT Defendant's Motions to Seal (Doc. ## 38, 43) are GRANTED IN PART and DENIED IN PART as follows:

1. The Court will seal Defendant's "Non-Redacted Response to the United States' Motion to Quash Defendant's Ex Parte Subpoena Duces Tecum" (Doc. # 36) and his Response to the City of Greeley's Motion for In Camera Review and Protective Order (Doc. # 41).

2. The Court will unseal Defendant's Sealed Briefs in Support of his Motions to Seal his Non-Redacted Response and his Response to the City of Greeley's Motion (Doc. ## 37 and 42, respectively).

DATED:  November 10, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge