**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00396-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MELECIO GONZALES,

      Defendant.
_____

**ORDER LIFTING STAY OF EXECUTION ON *EX PARTE* SUBPOENAS *DUCES TECUM* AND FURTHER GRANTING IN PART THE CITY OF GREELEY'S MOTION FOR *IN CAMERA* REVIEW AND PROTECTIVE ORDER**
_____

      This matter is before the Court *sua sponte*.

**I.**    **BACKGROUND**

      On September 3, 2010, the Court authorized two subpoenas *duces tecum*,

pursuant to Defendant Melecio Gonzales's *Ex Parte* Applications (Court's Authorization

at Doc. ## 16, 17; Defendant's *Ex Parte* Applications at Doc. ##12, 13).  Both

subpoenas were issued to the Greeley Police Department.  The first subpoena ordered

the production of Defendant's complete non-redacted gang unit file.  In part, the second

subpoena ordered the production of 911 calls in connection with a vandalism incident

that occurred on the evening of July 2, 2010, at a residence in Greeley, Colorado,

related police reports, incident history details, and radio transmissions.

      On September 24, 2010, the City of Greeley (the "City") filed a Motion for *In*

*Camera* Review and Protective Order, in connection with the at-issue subpoenas *duces*

*tecum*. (Doc. #28).  Due to the sensitive nature of the requested material, the City

asked the Court to conduct an *in camera* review and release only those records that are

found to be relevant to the instant case.  With respect to the gang unit files, in particular,

the City stated that such disclosure "would facilitate retaliation and violence against

witnesses and members of the community," and that "disclosure of intelligence and

investigatory information related to gangs is contrary to the public interest."  (*Id.* at 3).

In the event that the Court ordered the release of all or a portion of the requested

records, the City asked the Court to issue a contemporaneous protective order.  (*Id.* at

5).

On November 4, 2010, the Court granted in part the City's Motion to the extent it

requested an *in camera* review of the subpoenaed documents.  (Doc. #47).

The day before the City filed its Motion for *In Camera* Review and Protective

Order, the Government filed an Emergency Motion for Immediate Stay of Defendant's

*Ex Parte* Subpoenas *Duces Tecum*.  (Doc. #22).  On the following day, the Court

granted the Government's Emergency Motion in order to maintain the status quo and

ordered the Clerk of Court not to disseminate any documents already returned in

response to the *ex parte* subpoenas *duces tecum*.  (Doc. #23).  The Court also directed

Defendant to submit further briefing to explain why the *ex parte* filing mechanism for the

subpoenas *duces tecum* is necessary and appropriate and to explain why the requested

documents are relevant and admissible, pursuant to *United States v. Nixon*, 418 U.S.

2

683, 699-700 (1974) and its progeny.  (*Id.* at 3).  Defendant has since apprised the

Court of his defense strategy and the need for the requested documents.  (Sealed and

Unredacted Brief at Doc. #36; Unsealed and Redacted Brief at Doc. #39).

## II.    ANALYSIS

When a governmental entity has asserted privilege or confidentiality in certain

documents that are requested for production, the Colorado Supreme Court has

instructed trial courts to conduct an *in camera* review of the at-issue documents and

balance (a) the discoverant's interests in the disclosure of the materials and (b) the

government's interests in their confidentiality.  *See United States v. Crabbe*, No. 06-cr-

00294, 2007 WL 776322, at *4 (D. Colo. Mar. 9, 2007) (unpublished) (citing *Martinelli v.*

*Dist. Ct.*, 612 P.2d 1083, 1088 (Colo. 1980)).  Examples of a governmental entity's

interest in maintaining confidentiality include: (1) the extent to which disclosure will

thwart governmental processes by discouraging citizens from giving the government

information; and (2) the impact of disclosure upon persons who have given information.

*Id.* at *4 (quoting *Martinelli*, 612 P.2d at 1089).

Having conducted an *in camera* review of the subpoenaed documents, the Court

finds that the submitted recordings of 911 calls, police reports, radio transmissions, and

incident history details are relevant to Defendant's strategy in defending against a

charge for violation of 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm, which

Defendant is alleged to have committed on July 2, 2010.  (Doc. #1).  These materials

contain information about events leading up to Defendant's arrest following reports of an

allegedly gang-related vandalism on July 2, 2010.  In prior briefing, the Government acknowledged the relevance of these materials and stated that it "will produce those materials as soon as they are provided to the Government by the Greeley Police Department, which is anticipated to be during the week of October 4, 2010."  (Doc. #32 at 5-6).  The Court presumes that the Government has satisfied its discovery obligations and has produced these materials to Defendant.  If the Government has not yet produced these items, Defendant is instructed to so inform the Court, at which time the Court will order the release of these materials.

With respect to the City of Greeley's gang unit files on Defendant, the Court finds that these files contain information unrelated to this case.  As noted above, Defendant has been charged with the unlawful possession of a weapon as a previously-convicted felon.  The Indictment makes no mention of any gang activity and the Court is unconvinced that the City of Greeley's investigation of Defendant's possible gang involvement is relevant to the charge at hand.  Rather, the requested gang unit files contain details of the Greeley Police Department's investigation of Defendant and the names of individuals who have directly or indirectly implicated Defendant in gang affiliation.  Further, pursuant to C.R.S. § 24-72-305(5), the custodian of criminal justice records may deny access to such documents where doing so "would be contrary to the public interest."  In the instant case, the release of gang unit files could pose a danger to individuals referenced and identified therein.  Accordingly, the Court finds that the balance of interests weighs in the City of Greeley's favor.

4

III.    **CONCLUSION**

Accordingly, IT IS ORDERED THAT:

(1)    The Court's September 24, 2010 imposed stay of Defendant Melecio

Gonzales's *Ex Parte* Subpoenas Duces Tecum is lifted;

(2)    The City of Greeley's Motion for *In Camera* Review and Protective Order

(Doc. #28) is GRANTED IN PART to the extent it seeks quashal of

Defendant's subpoena *duces tecum* (issued pursuant to the *Ex Parte*

Application filed at Doc. #13), which requests the City of Greeley's Gang

Unit files on Defendant, and DENIED IN PART to the extent it seeks

quashal of Defendant's subpoena *duces tecum* (issued pursuant to the *Ex

Parte* Application filed at Doc. #12), which requests the City of Greeley's

911 recordings, police reports, incident history details, and radio

transmissions in connection with certain events that transpired on July 2,

2010; and

(3)    Defendant Gonzales shall inform the Court **by no later than Wednesday,**

**November 17, 2010**, if the Government has not yet produced materials

that are responsive to Defendant's subpoena *duces tecum*, which was

issued pursuant to the *Ex Parte* Application filed at Doc. #12.  Upon

receipt of Defendant's notice that Government has not yet produced these

documents, the Court will release to counsel for Defendant and the

Government the responsive materials submitted by the City of Greeley,

5

with certain limitations to protect the City of Greeley's privacy concerns.

DATED: November 12, 2010

BY THE COURT:


_____
CHRISTINE M. ARGUELLO
United States District Judge